IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLFO DIAZ, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § § § § | |
| v. | § | CIVIL ACTION NO. H-15-1282 |
| APPLIED MACHINERY CORPORATION, NABORS CORPORATE SERVICES, INC., AND NABORS INDUSTRIES, INC., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendants Nabors Corporate Services, Inc. ("Nabors Corporate"), Nabors Industries, Inc. ("Nabors Industries"), and Applied Machinery Corporation's ("AMC") (collectively, "Defendants") Motion to Dismiss (Doc. 168). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

### I. Case Background

Plaintiff Rodolfo Diaz filed this action against AMC on May 13, 2015, alleging violations of the Fair Labor Standards Act

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 169, Ord. Dated Dec. 16, 2016.

("FLSA").[2] This action was consolidated with another case against AMC on November 20, 2015, and Nabors Corporate and Nabors Industries were joined as Defendants on January 8, 2016.[3] On June 24, 2016, the court certified a class consisting of current and former rig welders employed by Defendants.[4]

Nabors Corporate and Nabors Industries (collectively, "Nabors") filed a motion to compel on July 18, 2016, asking for various forms of discovery from Plaintiffs, including verification of discovery responses, and a hearing was set for September 1, 2016.[5] Instead, the parties reached an agreement wherein Nabors would forego the hearing and Plaintiffs agreed to provide the verifications on interrogatory responses by September 15, 2016, or present the following Plaintiffs for deposition before October 31, 2016: Christopher Acevedo, Jorge Uriel Arreaga Monterroso, Hector Cortina, Rodolfo Grijalva Talamentes, Reynaldo Gutierrez, Mario Herrera Jr., Mario Mata Morales, Oziel Morales-Mata, and Abel Ortega.[6] The parties agreed that if the Plaintiffs failed to appear for their depositions, then they would be dismissed with

---

[2] See 29 U.S.C. §§ 201-219.

[3] See Doc. 24, Minute Entry Ord. Dated Nov. 20, 2015; Doc. 28, Pls.' Consolidated Compl.

[4] See Doc. 65, Mem. Op. & Ord. Dated June 24, 2016.

[5] See Doc. 67, Def. Nabors' Mot. to Compel; Doc. 110, Notice of Setting for Sept. 1, 2016.

[6] See Doc. 168-1, Ex. A to Defs.' Mot. to Dismiss, Agreement Letter Dated Sept. 2, 2016 pp. 1-2.

prejudice from the lawsuit.[7]  None of these nine Plaintiffs provided verifications, as evidenced by the fact that all nine were scheduled for depositions; however, only one Plaintiff, Hector Cortina,[8] appeared for his deposition.[9]  Therefore, Defendants now request the court dismiss these eight Plaintiffs under the Federal Rules of Civil Procedure Rule ("Rule") 41(b).  Plaintiffs have not filed a response to this motion.

## II. Analysis

Under Rule 29, the parties may make an agreement to modify "other procedures governing or limiting discovery" without court approval unless it extends the timeline for discovery, hearings, or trial.  Fed. R. Civ. P. 29(b).  Here, the parties came to an agreement, as evidenced by the letter sent from Defendants to Plaintiffs on September 2, 2016, whereby the Plaintiffs agreed to either provide verifications to interrogatory responses for the nine named Plaintiffs or have them sit for depositions by the end

---

[7] See id.

[8] Hector Cortina has since filed an unopposed motion to dismiss his own claims, which the court granted on April 3, 2017.  See Doc. 200, Pl. Hector Cortina's Unopposed Mot. to Dismiss; Doc. 201, Ord. Dated Apr. 3, 2017.

[9] See Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Nonappearance of Chris Acevedo p. 1; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Nonappearance of Jorge Uriel Arreaga Monterroso p. 1; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Nonappearance of Rodolfo Grijalva Talamentes p. 1; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Non-appearance of Reynaldo Gutierrez pp. 1-2; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Non-Appearance of Mario Herrera, Jr. pp. 1-2.; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Nonappearance of Mario Mata Morales p. 1.; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Nonappearance of Oziel Morales Mata p. 1; Doc. 168-5, Ex. E to Defs.' Mot. to Dismiss, Certificate of Nonappearance of Abel Ortega pp. 1-2.

of October, or they would be dismissed from the lawsuit. Verifications to interrogatory responses were not sent to Defendants, and only one of the nine, Hector Cortina, appeared for his deposition.

The Federal Rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte. Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at * 3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished). The court's authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Here, Defendants have moved to dismiss these eight Plaintiffs based on the fact that they have failed to pursue their claims per the Rule 29 agreement between the parties. Significantly these Plaintiffs have not opposed this motion.

Plaintiffs Christopher Acevedo, Jorge Uriel Arreaga Monterroso, Hector Cortina, Rodolfo Grijalva Talamentes, Reynaldo Gutierrez, Mario Herrera Jr., Mario Mata Morales, Oziel Morales-Mata, and Abel Ortega have failed to prosecute their claims. The Rule 29 agreement specified a dismissal with prejudice, therefore, the court recommends that the Rule 41(b) dismissal be with prejudice.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 17th day of May, 2017.

U.S. MAGISTRATE JUDGE