IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODOLFO DIAZ, Individually and On Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>APPLIED MACHINERY CORPORATION; NABORS CORPORATE SERVICES, INC. and NABORS INDUSTRIES, INC.<br>    Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:15-cv-01282<br><br><br>HON. SIM LAKE |

AND

| | | |
|---|---|---|
| JUAN DE DIOS HERNANDEZ, Individually and On Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>APPLIED MACHINERY CORPORATION; NABORS CORPORATE SERVICES, INC. and NABORS INDUSTRIES, INC.<br>    Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-cv-00989<br><br><br>HON. NANCY ATLAS |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT AND MOTION TO DISMISS**

Defendants Applied Machinery Corporation ("AMC"), Nabors Corporate Services, Inc., and Nabors Industries, Inc. ("Nabors") Plaintiff Rodolfo Diaz, individually and on behalf of all others similarly situated, and Plaintiff Juan De Dios Hernandez, individually and on behalf of all others similarly situated, (collectively, "the Parties"), file this Joint Motion to Approve FLSA Settlement Agreement and would respectfully show this Court as follows:

**SUMMARY**

The Parties, by and through their counsel of record, have mediated the claims alleged by

Plaintiffs against the Defendants and agree that there is a bona fide dispute as to how much and whether Plaintiffs are entitled to compensation as a result of their claims for wages under the Fair Labor Standards Act ("FLSA").

The Parties now request that this Court approve the settlements as evidenced in the Mediator's Proposal Confidential Settlement Agreements and Releases ("Confidential Settlement Agreements")[1] as a fair and reasonable settlement.

## RELEVANT FACTS

Diaz initiated suit against AMC on May 13, 2015. [Doc. 1]. On September 14, 2015, the *Ortega* matter[2] was initiated against AMC. [Doc. 1, *Ortega*, Case 4:15-cv-02674]. The *Diaz* and *Ortega* suits were then consolidated on November 20, 2015. [Doc. 13, *Ortega*, Case 4:15-cv-02674]. On January 8, 2016, plaintiffs filed their Consolidated Complaint (which added Nabors as defendants).

Plaintiffs filed their Partially Opposed Motion for Class Certification & Expedited Discovery [Doc. 49] on May 16, 2016, which was granted in part on June 24, 2016 [Doc. 65]. Ultimately, 124 individuals joined the case as opt-in plaintiffs.[3]

More recently, the *Hernandez*[4] matter was initiated against the defendants on March 31, 2017 [Doc. 1, *Hernandez*, Case 4:17-cv-00989], which was then also consolidated into this

---

[1] There are actually two such agreements – one for the *Diaz* matter and one for the *Hernandez* matter. While the terms of the Confidential Settlement Agreements are summarized herein, the Parties have agreed to maintain the terms of the Agreements as confidential. As such, they are being filed as exhibits *under seal*. Such filing will allow the Parties to protect the confidentiality of the specific terms of the Confidential Settlement Agreements by avoiding any requirement that the document itself be made a matter of public record.

[2] *Ortega, et. al. v. AMC*, Case 4:15-cv-02674, In the Southern District of Texas, Houston Division.

[3] Although there were initially 137 opt-in plaintiffs, 11 plaintiffs have been dismissed from the lawsuit and two plaintiffs are duplicates.

[4] *Hernandez, et. al. v. AMC, et. al.*, 4:17-cv-00989, In the Southern District of Texas, Houston Division.

lawsuit on June 23, 2017. [Doc. 249]. In *Hernandez*, 32 individuals joined the case as opt-in plaintiffs.

Generally, plaintiffs alleged in this case that while they were classified and paid as independent contractor welders on an hourly basis, they were actually employees of the Defendants. They contend that they worked in excess of 40 hours, were not exempt workers, and are thus owed overtime wages. Defendants denied, and continue to deny, any violation of the FLSA.

Following the completion of discovery, the parties engaged in settlement negotiations through their respective counsel. The Parties have reached a confidential settlement.

## ARGUMENTS AND AUTHORITIES

An FLSA claim, except in two circumstances, cannot be waived or settled. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The exceptions are 1) that the Secretary of Labor can supervise the payment of back wages or, 2) that the employer and employee present the proposed settlement to the district court for approval. 29 U.S.C. § 215(b); *see Villeda v. Landry's Restaurants, Inc.*, CIV.A H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009). By this Motion, both the Plaintiffs and Defendants request this Court to approve the Parties' settlement agreements, attached as **Exhibits 1 and 2,[5]** which are being *filed under seal*.

Here, throughout litigation and settlement of this action, all Parties were represented by experienced counsel. Settlement was achieved in an adversarial context, which was negotiated at arm's length, which included two mediations and mediator's proposals, and the Parties stipulate that the settlement provisions are fair and reasonable. Accordingly, the settlement reflects a reasonable compromise regarding bona fide disputes between the Parties with respect to liability

---

[5] Attached to each settlement agreement are the release agreements agreed to in each matter. In *Diaz*, there are two versions for the class member release, as some class members (and the class representatives) are obligated to sign one version (version B) whereas the remaining class members have signed the other version (version A).

3

and the amount of same under the FLSA. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982). The Parties have voluntarily agreed to a proposed settlement in order to avoid the necessity, expense, inconvenience and uncertainty of litigation. In exchange for the sums to be received by each class member, each class member shall, as a condition precedent, execute and return a release of claims in the manner negotiated by the parties and also apply all relevant tax forms to counsel for the Defendants.

Counsel for the Parties believe that settlement is in the best interests of their respective clients. For these reasons, the Parties respectfully request the Court approve their settlement as to the plaintiffs and opt-in plaintiffs identified herein. The Parties' Confidential Settlement Agreements are contingent upon this Court's approval of the same.

As set forth above, all Plaintiffs participating in this litigation and Defendants have settled their claims in this case as described in the Confidential Settlement Agreements submitted with this Motion *under seal* and executed by class counsel on behalf of the class and Defendants. Plaintiffs and Defendants have also agreed upon the form of the Releases and have tendered a copy of the same as exhibits to the Confidential Settlement Agreements.

WHEREFORE, for all the foregoing reasons, the undersigned Parties request that this Court enter an order approving the Confidential Settlement Agreements, approving the form of the Releases, and dismissing this case in its entirety, with prejudice.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ James M. Cleary, Jr.*
    James M. Cleary, Jr.
    State Bar No. 00783838
    Federal I.D. No. 15499

*cleary@mdjwlaw.com*
808 Travis, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101
**ATTORNEYS FOR NABORS CORPORATE SERVICES, INC. and NABORS INDUSTRIES, INC.**

and

SEARS CRAWFORD, LLP

By: */s/ Ross A. Sears, II*
Ross A. Sears, II
State Bar No. 17960011
Federal Id. No. 17626
Email: ross@searscrawford.com
1200 Rothwell Street
Houston, Texas 77002
Telephone: (713) 223-3333
Facsimile: (713) 223-3331
**ATTORNEYS FOR PLAINTIFFS**

MOORE & ASSOCIATES

By: */s/ Melissa Moore*
Melissa Moore
State BarNo. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739
Email: Melissa@mooreandassociates.net
Email: curt@mooreandassociates.net
**ATTORNEYS FOR "DIAZ" PLAINTIFFS**

and

WOJCIECHOWSKI & ASSOCIATES

5

By: */s/ Marc J. Wojciechowski*
      Marc J. Wojciechowski
      State Bar No. 21844600
      Federal I.D. No. 13849
      Chris Paugh
      State Bar No. 24041664
      Federal I.D. 705630
17447 Kuykendahl Road, Ste. 200
Spring, Texas 77379
Telephone: (281) 999-7774
Facsimile: (281) 999-1955
Email: marc@wojolaw.com
Email: chris@wojolaw.com
**ATTORNEYS FOR DEFENDANT APPLIED MACHINERY CORPORATION**

and

THE FOLEY LAW FIRM

By: */s/ Taft L. Foley II*
      Taft L. Foley, II
      Federal I.D. No. 2365112
      State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Telephone: (832) 778-8182
Facsimile: (832) 778-8353
Email:  taft.foley@thefoleylawfirm.com

KENNEDY HODGES, L.L.P.

By: */s/ Don J. Foty*
      Don J. Foty
      dfoty@kennedyhodges.com
      Fed. ID No. 711552
State Bar No. 24050022
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
**ATTORNEYS FOR "HERNANDEZ" PLAINTIFFS**

6

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing instrument has been served via CM/ECF and/or email on this 16th day of October, 2017 to all counsel of record:

| | |
|---|---|
| Ross A. Sears, II<br>WILLIAMSON, SEARS & RUSNAK, LLP<br>4310 Yoakum Boulevard<br>Houston, Texas 77006 | *Email: ross@wsrlawfirm.com* |
| Melissa Moore<br>Curt Hesse<br>MOORE & ASSOCIATES<br>Lyric Center<br>440 Louisiana Street, Suite 675<br>Houston, Texas 77002 | *Email:  Melissa@mooreandassociates.net*<br>*Email:  curt@mooreandassociates.net* |
| Marc J. Wojciechowski<br>Chris Paugh<br>WOJCIECHOWSKI & ASSOCIATES, P.C.<br>17447 Kuykendahl Road, Suite 200<br>Spring, Texas 77379 | *Email:  marc@wojolaw.com*<br>*Email:  chris@wojolaw.com* |
| Taft L. Foley, II<br>The Foley Law Firm<br>3003 South Loop West, Suite 108<br>Houston, Texas 77054 | *Email: taft.foley@thefoleylawfirm.com* |
| Don J. Foty<br>Kennedy Hodges, LLP<br>4409 Montrose Blvd., Suite 200<br>Houston, TX 77006 | *Email: dfoty@kennedyhodges.com* |

                 */s/ James M. Cleary, Jr.*
                 James M. Cleary, Jr.